UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE: VACANT REAL PROPERTY - 417 Bonny Eagle Road, Standish, ME 04084 |
| Karen Lisa Vincent | Mortgage: July 26, 2006 Book 24240, Page 338 |
| Defendant | |
| The Bank of New York Mellon fka The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee on behalf of the certificateholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2006-G | |
| Party-In-Interest | |

**UPON INFORMATION AND BELIEF THIS PROPERTY IS VACANT**

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Karen Lisa Vincent, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in which the Defendant, Karen Lisa Vincent, is the obligor and the total amount owed under the terms of the Note is Two Hundred Forty-Four Thousand Eight Hundred Eighty-Nine and 73/100 ($244,889.73) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Karen Lisa Vincent, is a resident of Westbrook, County of Cumberland and State of Maine.

6. The Party-in-Interest, The Bank of New York Mellon fka The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee on behalf of the certificateholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2006-G, is located at 226 W Monrow St, 26th Floor, Chicago, IL 60670.

# FACTS

7. On September 13, 2008, by virtue of a Warranty Deed from Jeffrey Alan Vincent and Karen Lisa Vincent, which is recorded in the Cumberland County Registry of Deeds in **Book 24240, Page 336**, the property situated at 417 Bonny Eagle Road, County of Cumberland, and State of Maine, was conveyed to Karen Lisa Vincent, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On July 26, 2006, Defendant, Karen Lisa Vincent, executed and delivered to First Magnus Financial Corporation a certain Note under seal in the amount of $197,600.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on July 26, 2006, Defendant, Karen Lisa Vincent executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First Magnus Financial Corporation, an Arizona Corporation, securing the property located at 417 Bonny Eagle Road, Standish, ME 04084 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 24240**, **Page 338**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated April 19, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29554**, **Page 196**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated May 18, 2016 and recorded in the Cumberland County

Registry of Deeds in **Book 33135**, **Page 52**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust by virtue of an Assignment of Mortgage dated February 19, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 35468**, **Page 271**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On June 26, 2020, the Defendant, Karen Lisa Vincent, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Karen Lisa Vincent, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit G.

15. The Defendant, Karen Lisa Vincent, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or the Note and Mortgage were strictly performed.

19. Mortgage Electronic Registration Systems, Inc., as nominee for First Magnus Financial Corporation, an Arizona Corporation is a Party-in-Interest pursuant to a Mortgage in the amount of $49,400.00 dated July 26, 2006, and recorded in the Cumberland County Registry of Deeds in **Book 24241**, **Page 1** and is in second position behind Plaintiff's Mortgage.

20. The Junior Lien was assigned to The Bank of New York Mellon fka The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee on behalf of the certificateholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2006-G by virtue of a Junior Assignment dated May 8, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29586**, **Page 144**.

21. The Junior Lien was then assigned to The Bank of New York Mellon FKA The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee on behalf of the certificateholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2006-G by virtue of a Declaratory Judgement dated April 9, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 34850**, **Page 242**.

22. The total debt owed under the Note and Mortgage as of August 31, 2020 is Two Hundred Forty-Four Thousand Eight Hundred Eighty-Nine and 73/100 ($244,889.73) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $186,129.17 |
| Interest | $36,247.52 |
| Escrow/Impound Required | $15,496.04 |
| Total Advances | $7,017.00 |
| Grand Total | $244,889.73 |

23. Upon information and belief, the Defendant, Karen Lisa Vincent, is presently not in possession of the subject property originally secured by the Mortgage.

24. Upon information and belief, based upon information provided by the client, the subject premises is vacant.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 417 Bonny Eagle Road, Standish, County of Cumberland, and State of Maine. *See* Exhibit A.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Karen Lisa Vincent, is presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2016, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of August 31, 2020 is Two Hundred Forty-Four Thousand Eight Hundred Eighty-Nine and 73/100 ($244,889.73) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $186,129.17 |
| Interest | $36,247.52 |
| Escrow/Impound Required | $15,496.04 |
| Total Advances | $7,017.00 |
| Grand Total | $244,889.73 |

31. On or about April 19, 2012, the debtor, Karen Lisa Vincent filed a Chapter 7 bankruptcy under the applicable federal statute. As part of the aforesaid bankruptcy filing the debtor filed a so-called "Statement of Intention" which stated that Bank of America was the holder of the first mortgage on the subject property.

32. Due to the filing of the aforesaid "Statement of Intention" which was sworn to by the debtor, and which reaffirmed the debt to Bank of America the debtor is equitably and judicially estopped from challenging the standing of the Plaintiff (as successor in interest to Bank of America) to foreclose on the subject property. *See* Exhibit H (a true and correct copy of the aforesaid "Statement of Intention" is attached hereto and incorporated herein).

33. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

34. By virtue of the Defendant, Karen Lisa Vincent's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

35. Notice in conformity with 14 M.R.S.A. §6111 and/or the Note and Mortgage was sent to the Defendant, Karen Lisa Vincent, on June 26, 2020, evidenced by the Certificate of Mailing. *See* Exhibit G.

36. The Defendant, Karen Lisa Vincent, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

37. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. On July 26, 2006, the Defendant, Karen Lisa Vincent, executed under seal and delivered to First Magnus Financial Corporation a certain Note in the amount of $197,600.00. *See* Exhibit B.

39. The Defendant, Karen Lisa Vincent, is in default for failure to properly tender the March 1, 2016 payment and all subsequent payments. *See* Exhibit G.

40. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Karen Lisa Vincent.

41. The Defendant, Karen Lisa Vincent, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

42. The Defendant Karen Lisa Vincent's breach is knowing, willful, and continuing.

43. The Defendant Karen Lisa Vincent's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

44. The total debt owed under the Note and Mortgage as of August 31, 2020, if no payments are made, is Two Hundred Forty-Four Thousand Eight Hundred Eighty-Nine and 73/100 ($244,889.73) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $186,129.17 |
| Interest | $36,247.52 |
| Escrow/Impound Required | $15,496.04 |
| Total Advances | $7,017.00 |
| Grand Total | $244,889.73 |

45. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

46. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. By executing, under seal, and delivering the Note, the Defendant, Karen Lisa Vincent, entered into a written contract with First Magnus Financial Corporation who agreed to loan the amount of $197,600.00 to the Defendant. *See* Exhibit B.

48. As part of this contract and transaction, the Defendant, Karen Lisa Vincent, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

49. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note and successor-in-interest to First Magnus Financial Corporation, and has performed its obligations under the Note and Mortgage.

50. The Defendant, Karen Lisa Vincent, breached the terms of the Note and Mortgage by failing to properly tender the March 1, 2016 payment and all subsequent payments. *See* Exhibit G.

51. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Karen Lisa Vincent.

52. The Defendant, Karen Lisa Vincent, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

53. The Defendant, Karen Lisa Vincent, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust in the sum of Two Hundred Forty-Four Thousand Eight Hundred Eighty-Nine and 73/100 ($244,889.73) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to the Defendant.

54. Defendant Karen Lisa Vincent's breach is knowing, willful, and continuing.

55. Defendant Karen Lisa Vincent's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

56. The total debt owed under the Note and Mortgage as of August 31, 2020, if no payments are made, is Two Hundred Forty-Four Thousand Eight Hundred Eighty-Nine and 73/100 ($244,889.73) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $186,129.17 |
| Interest | $36,247.52 |
| Escrow/Impound Required | $15,496.04 |
| Total Advances | $7,017.00 |
| Grand Total | $244,889.73 |

57. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

58. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. First Magnus Financial Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, loaned Defendant, Karen Lisa Vincent, $197,600.00. *See* Exhibit B.

60. The Defendant, Karen Lisa Vincent, is in default for failure to properly tender the March 1, 2016 payment and all subsequent payments. *See* Exhibit G.

61. As a result of the Defendant Karen Lisa Vincent's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust.

62. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

63. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 62 as if fully set forth herein.

64. First Magnus Financial Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, loaned the Defendant, Karen Lisa Vincent, $197,600.00. *See* Exhibit B.

65. The Defendant, Karen Lisa Vincent, has failed to repay the loan obligation.

66. As a result, the Defendant, Karen Lisa Vincent, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust as successor-in-interest to First Magnus Financial Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

67. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Karen Lisa Vincent, is in breach of the Note by failing to make payment due as of March 1, 2016, and all subsequent payments;

d) Find that the Defendant, Karen Lisa Vincent, is in breach of the Mortgage by failing to make payment due as of March 1, 2016, and all subsequent payments;

e) Find that the Defendant, Karen Lisa Vincent, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Karen Lisa Vincent, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due March 1, 2016 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Karen Lisa Vincent has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to restitution;

j)  Find that the Defendant, Karen Lisa Vincent, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, for money had and received;

k)  Find that the Defendant, Karen Lisa Vincent, is liable to the Plaintiff for quantum meruit;

l)  Find that the Defendant, Karen Lisa Vincent, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, Karen Lisa Vincent, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n)  Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Karen Lisa Vincent;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendant, Karen Lisa Vincent, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in the amount of Two Hundred Forty-Four Thousand Eight Hundred Eighty-Nine and 73/100 ($244,889.73) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF11
Master Participation Trust,
By its attorneys,

Dated: October 15, 2020

<u>/s/ John A. Doonan, Esq.</u>
<u>/s/ Reneau J. Longoria, Esq.</u>
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com