UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., as trustee for LSF11 MASTER PARTICIPATION TRUST, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KAREN LISA VINCENT, | ) |
| | ) |
| Defendant | ) |
| | ) |
| and | ) |
| | ) |
| THE BANK OF NEW YORK MELLON, | )   Case No. 2:20-cv-00380-JAW |
| | ) |
| Party-in-Interest. | ) |
| ———————————————— | ) |
| | ) |
| KAREN LISA VINCENT, | ) |
| | ) |
|     Counterclaim Plaintiff and Defendant | ) |
| | ) |
| U.S. BANK TRUST, N.A., | ) |
| | ) |
|     Counterclaim Defendant/Plaintiff | ) |
| | ) |
| CALIBER HOME LOANS, INC. JOHN A DOONAN, and RENAEAU J. LONGORIA, | ) ) ) |
| | ) |
|     Counterclaim Defendants. | |

**COUNTERCLAIM DEFENDANT CALIBER HOME LOANS, INC.'S ANSWER TO
FIRST AMENDED COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

Counterclaim Defendant Caliber Home Loans, Inc. ("Caliber") hereby answers the

allegations of the First Amended Counterclaim (the "Amended Counterclaim") filed by Karen

Lisa Vincent ("Vincent") as follows:

## JURISDICTION

1.      Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 1 and, therefore, denies the allegations and leaves Vincent to her proofs.

## PARTIES

### A.      Counterclaim Plaintiff Karen Lisa Vincent

2.      Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 2 and, therefore, denies the allegations and leaves Vincent to her proofs.

3.      Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 3 and, therefore, denies the allegations and leaves Vincent to her proofs.

### B.      Counterclaim Defendant U.S. Bank Trust, N.A.

4.      Caliber denies the allegations in Paragraph 4, except it admits that that U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust ("U.S. Bank Trust") acts as trustee for the loan at issue in this case.

5.      Caliber admits that U.S. Bank Trust is the holder of the loan that is at issue in this case and the party with the right to enforce the note that evidences the loan, but denies the remaining allegations in Paragraph 5.

### C.      Counterclaim Defendant Caliber Home Loans Inc.

6.      Caliber admits the allegations in Paragraph 6, except it notes that the correct name is Caliber Home Loans, Inc.

7.      Caliber admits that, as set forth in the corporate disclosure filed in this case, it is a wholly-owned subsidiary of LSF6 Service Operations, LLC, a Delaware limited liability company, and LSF6 Service Operations, LLC is a wholly-owned subsidiary of LSF6 Mid-Servicer Holdings, LLC, but denies the remaining allegations in Paragraph 7 as written.

8.      Caliber admits that it services residential mortgages, including residential mortgages encumbering real property in Maine and throughout the country, but denies the remaining allegations and leaves Vincent to her proofs.

9.      The allegations in Paragraph 9 call for a legal conclusion and therefore a response is not required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

### D.  Counterclaim Defendants John A. Doonan and Reneau J. Longoria

10.      Caliber denies the allegations in Paragraph 10 and leaves Vincent to her proofs.

11.      Caliber admits the allegations in Paragraph 11.

12.      Caliber denies the allegations in Paragraph 12 and leaves Vincent to her proofs.

13.      The allegations in Paragraph 13 call for a legal conclusion and therefore a response is not required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

## ALLEGATIONS OF FACTS SUPPORTING COUNTERCLAIM APPLICABLE TO ALL COUNTS

14.      Caliber admits that Vincent executed the note attached as Exhibit B, and further responds by stating that the note is a written document that speaks for itself and, therefore, denies the remaining allegations and leaves Vincent to her proofs.

15.     Caliber admits that Vincent executed the mortgage attached as Exhibit C, and further responds by stating that the mortgage is a written document that speaks for itself and, therefore, denies the remaining allegations and leaves Vincent to her proofs.

16.     Caliber admits the allegations in Paragraph 16, but lacks knowledge and information sufficient to form a belief as to the truth of the allegation that the Note was sold "soon after" and, therefore, denies the allegation, and leaves Vincent to her proofs.

17.     Caliber admits the allegations in Paragraph 17.

18.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 18 and, therefore, denies the allegations and leaves Vincent to her proofs.

19.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph19 and, therefore, denies the allegations and leaves Vincent to her proofs.

20.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies the allegations and leaves Vincent to her proofs.

21.     Caliber admits the allegations in Paragraph 21.

22.     Paragraph 22 refers to a written instrument that speaks for itself and, therefore, a response is not required.  Paragraph 22 also contains a legal conclusion to which no response is required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

23.     Paragraph 23 contains a legal conclusion to which no response is required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

-5-

24.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 24 and, therefore, denies the allegations and leaves Vincent to her proofs.

25.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 25 and, therefore, denies the allegations and leaves Vincent to her proofs.

26.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies the allegations and leaves Vincent to her proofs.

27.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the allegations and leaves Vincent to her proofs.

28.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 28 and, therefore, denies the allegations and leaves Vincent to her proofs.

29.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 29 and, therefore, denies the allegations and leaves Vincent to her proofs.

30.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 30 and, therefore, denies the allegations and leaves Vincent to her proofs.

31.     Caliber denies the allegations in Paragraph 31.

32.     Caliber lacks knowledge and information sufficient to form a belief as to the truth

of the allegations and legal conclusions in Paragraph 32 and, therefore, denies the allegations and

leaves Vincent to her proofs, except it admits that Vincent made monthly mortgage payments on

the loan at issue.

## CAUSES OF ACTION

### Count I: Violation of the Bankruptcy Discharge Injunction, 11 U.S.C. § 524
### (Against Bank)

Count I is directed to other Counterclaim Defendants and, therefore, a response is not

required to the allegations in Count I.  To the extent a response is required, Caliber denies the

allegations.

### Count II: Violation of the Bankruptcy Discharge Injunction, 11 U.S.C. § 524
### (Against Doonan and Longoria)

Count II is directed to other Counterclaim Defendants and, therefore, a response is not

required to the allegations in Count II.  To the extent a response is required, Caliber denies the

allegations.

### Count III: Violation of the Bankruptcy Discharge Injunction, 11 U.S.C. § 524
### (Against Doonan and Longoria)

Count III is directed to other Counterclaim Defendants and, therefore, a response is not

required to the allegations in Count III.  To the extent a response is required, Caliber denies the

allegations.

### Count IV: Violation of Federal Debt Collection Practices Act, 15 U.S.C. § 1692e(8)
### (Claim for Actual Damages and Attorney Fees Against Caliber)

59.     Caliber incorporates by reference its answers to Paragraphs 1 through 32 as if

fully set forth as the answer to Paragraph 59 of Count IV, and further responds by: (a) denying

the allegations in Paragraphs 34, 35, 41, 46, 47, 48, 49, 50, 52, 53, 54, 55; and (b) stating that it

lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 36, 37, 38, 39, 40, 43, 44, 45, 56, and 57, therefore, denies the allegations in those paragraphs and leaves Vincent to her proofs.

60.     Caliber admits that it services mortgage loans for U.S. Bank Trust acting as trustee, but denies the remaining allegations and legal conclusions and leaves Vincent to her proofs.

61.     Caliber admits that it retains lawyers to handle foreclosures actions relating to mortgage loans that it services for U.S. Bank Trust as trustee, but denies the remaining allegations and legal conclusions and leaves Vincent to her proofs.

62.     Paragraph 62 sets forth legal conclusions to which a response is not required.  To the extent a response is required, Caliber admits that it is familiar with the provisions of 11 U.S.C. § 524(a) and §727(b), but denies the remaining allegations and legal conclusions and leaves Vincent to her proofs.

63.     Caliber admits that it retained Doonan, Graves & Longoria, LLC to perform legal services relating to the loan at issue in this case and authorized the firm to commence an action relating to the loan, but denies the remaining allegations and legal conclusions and leaves Vincent to her proofs.

64.     Caliber denies the allegations in Paragraph 64.

65.     Caliber denies the allegations in Paragraph 65.

### Count V: Violation of Bankruptcy Discharge Injunction, 11 U.S.C. § 524
### (Claim for Punitive Damages and Attorney Fees Against Caliber)

66.     Caliber incorporates by reference its answers to Paragraphs 59 to 65 as the answer to Paragraph 66 of Count V.

67.     Paragraph 67 sets forth legal conclusions to which a response is not required.  To the extent a response is required, Caliber admits that it is familiar with the provisions of 11 U.S.C. § 524(a), but denies the remaining allegations and legal conclusions and leaves Vincent to her proofs

68.     Caliber admits that it has experience with foreclosure cases involving mortgagors, including mortgagors who have filed bankruptcy, but denies the remaining allegations and legal conclusions and leaves Vincent to her proofs.

69.     Caliber denies the allegations in Paragraph 69.

**Count VI: Violation of Federal Debt Collection Practices Act, 15 U.S.C. §1692e(8)**
**(Claim for Actual and Statutory Damages Doonan and Longoria)**

Count VI is directed to other Counterclaim Defendants and, therefore, a response is not required to the allegations in Count VI.  To the extent a response is required, Caliber denies the allegations.

**Count VII: Violation of Federal Debt Collection Practices Act, 15 U.S.C. § 1692e(8)**
**(Claim for Actual and Statutory Damages Against Caliber)**

80.     Caliber incorporates by reference its answers to Paragraphs 1 through 32 as the answer to Paragraph 80 of Count VIII.

81.     Paragraph 81 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

82.     Paragraph 82 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Caliber admits that it is licensed by the Maine Bureau of Consumer Credit Protection as a NMLS Supervised Lender Branch.

83.     Paragraph 83 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

84.     Paragraph 84 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

85.     Paragraph 85 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

86.     Caliber admits that it was acting a servicer for the loan at issue in this matter, but denies the remaining allegations and legal conclusions, and leaves Vincent to her proofs.

87.     Paragraph 87 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

88.     Caliber denies the allegations in Paragraph 88.

89.     Caliber denies the allegations in Paragraph 89.

### Count VIII: Violation of 14 M.R.S. § 6113
### (Claim for Actual Damages and Attorney Fees Against Caliber)

90.     Caliber incorporates by reference its answers to Paragraph 1 through 32 and 60 through 65 of Count IV, 67 through 69 of Count V, and 81 through 89 of Count VII as if fully set forth as the answer to Paragraph 90 of Count VIII.

91.     Caliber admits the allegations in Paragraph 91.

92.     Paragraph 92 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

93.     Calber admits that it has been the mortgage servicer for the loan at issue in this matter and owned by U.S. Bank Trust as trustee, but denies the remaining allegations and legal conclusions and leaves Vincent to her proofs.

94.     Caliber lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, therefore, denies the allegations and legal conclusions and leaves Vincent to her proofs.

95.     Caliber denies the allegations in Paragraph 95 and leaves Vincent to her proofs.

96.     Caliber denies the allegations in Paragraph 96 and leaves Vincent to her proofs.

97.     Caliber denies the allegations in Paragraph 97 and leaves Vincent to her proofs.

98.     Caliber denies the allegations and legal conclusions in Paragraph 98 and leaves

Vincent to her proofs.

99.     Caliber denies the allegations in Paragraph 99 and leaves Vincent to her proofs.

100.    Caliber denies the allegations in Paragraph 100 and leaves Vincent to her proofs.

101.    Caliber denies the allegations in Paragraph 101 and leaves Vincent to her proofs.

102.    Paragraph 102 refers to a written document that speaks for itself and, therefore a

response is not required.  To the extent a response is required, Caliber admits that Exhibit G is a

copy of a letter dated June 26, 2020, and denies the remaining allegations and leaves Vincent to

her proofs.

103.    Caliber denies the allegations in Paragraph 103.

104.    Caliber denies the allegations in Paragraph 104.

105.    Caliber denies the allegations in Paragraph 105.

106.    Caliber denies the allegations in Paragraph 106.

## Count IX: Violation of 14 M.R.S. § 6113
### (Claim for Statutory Damages Against Caliber)

107.    Caliber incorporates by reference its answers to Paragraph 1 through 32 and 90

through 106 as if fully set forth as the answer to Paragraph 107.

108.    Caliber admits the allegation in Paragraph 108.

109.    Paragraph 109 sets forth a legal conclusion to which no response is required.  To

the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

110.     Paragraph 110 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

111.     Paragraph 111 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Caliber denies the allegations and leaves Vincent to her proofs.

112.     Caliber denies the allegations in Paragraph 112.

113.     Caliber denies the allegations in Paragraph 113.

114.     Caliber denies the allegations in Paragraph 114.

115.     Caliber denies the allegations in Paragraph 115.

116.     Caliber denies the allegations in Paragraph 116.

117.     Caliber denies the allegations in Paragraph 117.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Vincent's Amended Counterclaim is barred by the doctrine of equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

Vincent's Amended Counterclaim is barred because she would be unjustly enriched if she received the requested relief.

### FOURTH AFFIRMATIVE DEFENSE

Vincent's Amended Counterclaim is barred in whole or in part by the doctrine of voluntary payment, ratification, acquiescence, or consent.

-12-

## FIFTH AFFIRMATIVE DEFENSE

Vincent's Amended Counterclaim is rendered moot by the dismissal of its U.S. Bank Trust's foreclosure complaint.

## SIXTH AFFIRMATIVE DEFENSE

Vincent failed to take appropriate steps to mitigate or otherwise avoid the damages that she claims to have suffered.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by Vincent were caused, in whole or in part, by the negligence or other conduct of Vincent or third parties.

## RESERVATION OF RIGHTS

Caliber reserves its right to supplement and amend its Answer as additional information becomes available or apparent during the course of investigation, preparation, or discovery.

## RELIEF REQUESTED

**WHEREFORE,** Caliber respectfully requests that this Court enter an order:

    (a) dismissing the Amended Counterclaim in its entirety; and

    (b) awarding Caliber such other and further relief as this Court deems just and proper.

Respectfully submitted,

**U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST AND CALIBER HOME LOANS, INC.,**

By its attorney,

/s/ Adam J. Shub

_____

Adam J. Shub, Esq. Bar No. 4708
PRETI FLAHERTY, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
ashub@preti.com

DATED: February 9, 2021

## CERTIFICATE OF SERVICE

I, Adam J. Shub, hereby certify that on February 9, 2021, I electronically filed the foregoing *Counterclaim Defendant Caliber Home Loans, Inc.'s Answer to Amended Counterclaim and Affirmative Defenses* using the CM/ECF e-filing system which will notify the following parties:

Thomas A Cox, Esq.

John A. Doonan, Esq.
Reneau J. Longoria, Esq.
Doonan Graves & Longoria, LLC