| | |
|---|---|
| U.S. BANK TRUST, N.A., as trustee for LSF11 MASTER PARTICIPATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>KAREN LISA VINCENT,<br><br>Defendant<br><br>and<br><br>THE BANK OF NEW YORK MELLON,<br><br>Party-in-Interest.<br><br>KAREN LISA VINCENT,<br><br>   Counterclaim Plaintiff and Defendant<br><br>U.S. BANK TRUST, N.A.,<br><br>   Counterclaim Defendant/Plaintiff<br><br>CALIBER HOME LOANS, INC.<br>JOHN A DOONAN, and<br>RENAEAU J. LONGORIA,<br><br>   Counterclaim Defendants. | Case No. 2:20-cv-00380-JAW |

**COUNTERCLAIM DEFENDANT U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11
MASTER PARTICIPATION TRUST'S ANSWER TO FIRST AMENDED
<u>COUNTERCLAIM AND AFFIRMATIVE DEFENSES</u>**

Counterclaim Defendant U.S. Bank Trust, N.A., as Trustee for LSF11 Master

Participation Trust ("U.S. Bank Trust") hereby answers the allegations of the First Amended

Counterclaim (the "Amended Counterclaim") filed by Karen Lisa Vincent ("Vincent") as follows:

**JURISDICTION**

1. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 1 and, therefore, denies the allegations and leaves Vincent to her proofs.

**PARTIES**

**A. Counterclaim Plaintiff Karen Lisa Vincent**

2. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 2 and, therefore, denies the allegations and leaves Vincent to her proofs.

3. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 3 and, therefore, denies the allegations and leaves Vincent to her proofs.

**B. Counterclaim Defendant U.S. Bank Trust, N.A.**

4. U.S. Bank Trust denies the allegations in Paragraph 4, except it admits that it acts as trustee for the loan at issue in this case.

5. U.S. Bank Trust admits that it is the holder of and the party with the right to enforce the note that evidences the loan but denies the remaining allegations in Paragraph 5.

**C. Counterclaim Defendant Caliber Home Loans Inc.**

6. U.S. Bank Trust admits the allegations in Paragraph 6 except it notes that the correct name is Caliber Home Loans, Inc.

7. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies the allegations and leaves Vincent to her proofs.

8. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the allegations and leaves Vincent to her proofs.

9. The allegations in Paragraph 9 call for a legal conclusion and therefore a response is not required. To the extent a response is required, U.S. Bank Trust denies the allegations and leaves Vincent to her proofs.

**D. Counterclaim Defendants John A. Doonan and Reneau J. Longoria**

10. U.S. Bank Trust denies the allegations in Paragraph 10 and leaves Vincent to her proofs.

11. U.S. Bank Trust admits the allegations in Paragraph 11.

12. U.S. Bank Trust denies the allegations in Paragraph 12 and leaves Vincent to her proofs.

13. The allegations in Paragraph 13 call for a legal conclusion and therefore a response is not required. To the extent a response is required, U.S. Bank Trust denies the allegations and leaves Vincent to her proofs.

**ALLEGATIONS OF FACTS SUPPORTING COUNTERCLAIM APPLICABLE TO ALL COUNTS**

14. U.S. Bank Trust admits that Vincent executed the note attached as Exhibit B, and further responds by stating that the note is a written document that speaks for itself and, therefore, denies the remaining allegations and leaves Vincent to her proofs.

15. U.S. Bank Trust admits that Vincent executed the mortgage attached as Exhibit C, and further responds by stating that the mortgage is a written document that speaks for itself and, therefore, denies the remaining allegations and leaves Vincent to her proofs.

16. U.S. Bank Trust admits the allegations in Paragraph 16, but lacks knowledge and information sufficient to form a belief as to the truth of the allegation that the Note was sold "soon after" and, therefore, denies the allegation, and leaves Vincent to her proofs.

17. U.S. Bank Trust admits the allegations in Paragraph 17.

18. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 18 and, therefore, denies the allegations and leaves Vincent to her proofs.

19. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies the allegations and leaves Vincent to her proofs.

20. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies the allegations and leaves Vincent to her proofs.

21. U.S. Bank Trust admits the allegations in Paragraph 21.

22. Paragraph 22 refers to a written instrument that speaks for itself and, therefore, a response is not required. Paragraph 22 also contains a legal conclusion to which no response is required. To the extent a response is required, U.S. Bank Trust denies the allegations and leaves Vincent to her proofs.

23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent a response is required, U.S. Bank Trust denies the allegations and leaves Vincent to her proofs.

24. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 24 and, therefore, denies the allegations and leaves Vincent to her proofs.

25. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 25 and, therefore, denies the allegations and leaves Vincent to her proofs.

26. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 26 and, therefore, denies the allegations and leaves Vincent to her proofs.

27. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the allegations and leaves Vincent to her proofs.

28. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 28 and, therefore, denies the allegations and leaves Vincent to her proofs.

29. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 29 and, therefore, denies the allegations and leaves Vincent to her proofs.

30. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 30 and, therefore, denies the allegations and leaves Vincent to her proofs.

31. U.S. Bank Trust denies the allegations in Paragraph 31.

32. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies the allegations and leaves Vincent to her proofs, except it admits that Vincent made monthly mortgage payments on the loan at issue.

## CAUSES OF ACTION

### Count I: Violation of the Bankruptcy Discharge Injunction, 11 U.S.C. § 524
### (Against Bank)

33. U.S. Bank Trust incorporates by reference its answers to Paragraphs 1 through 32 as if fully set forth as the answer to Paragraph 33 of Count I.

34. U.S. Bank Trust denies the allegations in Paragraph 34.

35. U.S. Bank Trust denies the allegations in Paragraph 35.

36. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies the allegations and leaves Vincent to her proofs.

37. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies the allegations and leaves Vincent to her proofs.

38. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies the allegations and leaves Vincent to her proofs.

39. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies the allegations and leaves Vincent to her proofs.

40. U.S. Bank Trust lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies the allegations and leaves Vincent to her proofs.

41. U.S. Bank Trust denies the allegations in Paragraph 41.

**Count II: Violation of the Bankruptcy Discharge Injunction, 11 U.S.C. § 524**
**(Claim for Actual Damages and Attorney Fees Against Doonan and Longoria)**

Count II is directed to other Counterclaim Defendants and, therefore, a response is not required to the allegations in Count II. To the extent a response is required, U.S. Bank Trust denies the allegations.

**Count III: Violation of the Bankruptcy Discharge Injunction, 11 U.S.C. § 524**
**(Claim for Punitive Damages and Attorney Fees Against Doonan and Longoria)**

Count III is directed to other Counterclaim Defendants and, therefore, a response is not required. To the extent a response is required, U.S. Bank Trust denies the allegations.

**Count IV: Violation of Federal Debt Collection Practices Act, 15 U.S.C. § 1692e(8)**
**(Claim for Actual Damages and Attorney Fees Against Caliber)**

Count IV is directed to other Counterclaim Defendants and, therefore, a response is not required. To the extent a response is required, U.S. Bank Trust denies the allegations.

**Count V: Violation of Bankruptcy Discharge Injunction, 11 U.S.C. § 524**
**(Claim for Punitive Damages and Attorney Fees Against Caliber)**

Count V is directed to other Counterclaim Defendants and, therefore, a response is not required. To the extent a response is required, U.S. Bank Trust denies the allegations.

### Count VI: Violation of Federal Debt Collection Practices Act, 15 U.S.C. § 1692e(8)
### (Claim for Actual and Statutory Damages Against Doonan and Longoria)

Count VI is directed to other Counterclaim Defendants and, therefore, a response is not required. To the extent a response is required, U.S. Bank Trust denies the allegations.

### Count VII: Violation of Federal Debt Collection Practices Act, 15 U.S.C. § 1692e(8)
### (Claim for Actual and Statutory Damages Against Caliber)

Count VII is directed to other Counterclaim Defendants and, therefore, a response is not required. To the extent a response is required, U.S. Bank Trust denies the allegations.

### Count VIII: Violation of 14 M.R.S. § 6113
### (Claim for Actual Damages Against Caliber)

Count VIII is directed to other Counterclaim Defendants and, therefore, a response is not required. To the extent a response is required, U.S. Bank Trust denies the allegations.

### Count IX: Violation of 14 M.R.S. § 6113
### (Claim for Statutory Damages Against Caliber)

Count IX is directed to other Counterclaim Defendants and, therefore, a response is not required. To the extent a response is required, U.S. Bank Trust denies the allegations.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Vincent's Amended Counterclaim is barred by the doctrine of equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

Vincent's Amended Counterclaim is barred because she would be unjustly enriched if she received the requested relief.

## FOURTH AFFIRMATIVE DEFENSE

Vincent's Amended Counterclaim is barred in whole or in part by the doctrine of voluntary payment, ratification, acquiescence, or consent.

## FIFTH AFFIRMATIVE DEFENSE

Vincent's Amended Counterclaim is rendered moot by the dismissal of its U.S. Bank Trust's foreclosure complaint.

## SIXTH AFFIRMATIVE DEFENSE

Vincent failed to take appropriate steps to mitigate or otherwise avoid the damages that she claims to have suffered.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by Vincent were caused, in whole or in part, by the negligence or other conduct of Vincent or third parties.

## RESERVATION OF RIGHTS

U.S. Bank Trust reserves its right to supplement and amend its Answer as additional information becomes available or apparent during the course of investigation, preparation, or discovery.

## RELIEF REQUESTED

**WHEREFORE,** U.S. Bank Trust respectfully requests that this Court enter an order:

(a) dismissing the Amended Counterclaim in its entirety; and

(b) awarding U.S. Bank Trust such other and further relief as this Court deems just and proper.

Respectfully submitted,

**U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST AND CALIBER HOME LOANS, INC.,**

By its attorneys,

/s/ Adam J. Shub
Adam J. Shub, Esq. Bar No. 4708
PRETI FLAHERTY, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
ashub@preti.com

DATED: February 9, 2021

## CERTIFICATE OF SERVICE

I, Adam J. Shub, hereby certify that on February 9, 2021, I electronically filed the foregoing *Counterclaim Defendant U.S. Bank Trust, N.A., As Trustee for LSF11 Master Participation Trust's Answer to Amended Counterclaim and Affirmative Defenses* using the CM/ECF e-filing system which will notify the following parties:

Thomas A Cox, Esq.

John A. Doonan, Esq.
Reneau J. Longoria, Esq.
Doonan Graves & Longoria, LLC