## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

U.S. BANK TRUST, N.A., as trustee for LSF11
MASTER PARTICIPATION TRUST

  Plaintiff

v.

KAREN LISA VINCENT

  Defendant,

  and

THE BANK OF NEW YORK MELLON

  Party-In-Interest

---

KAREN LISA VINCENT

  Counterclaim Plaintiff and Defendant

v.

  U.S. BANK TRUST, N.A.,

  Counterclaim Defendant and Plaintiff

  and

CALIBER HOME LOANS, INC.

JOHN A. DOONAN, and

RENAEAU J LONGORIA

  Counterclaim Defendants

Case No. 2:20-cv-00380-JAW

**MEMORANDUM OF COUNTERCLAIM PLAINTIFF VINCENT
IN OPPOSITION TO MOTION TO DISMISS
OF COUNTERCLAIM DEFENDANTS DOONAN AND LONGORIA**

## Table of Contents

*I.* *INTRODUCTION.* ................................................................................................. 2

*II.* *THE ISSUES OF THIS CASE ARISE OUT OF A SO-CALLED "GREENLEAF" PROBLEM.* ............... 4

*III.* *TAGGART V. LORENZEN DEFINES THE STANDARD FOR DETERMINING WHETHER THE
FIRST AMENDED COUNTERCLAIM STATES A CLAIM FOR RELIEF.* ............................................ 5

*IV.* *COUNTS II-V OF THE COMPLAINT STATE PERSONAL LIABILITY CLAIMS AGANST VINCENT
FOR DEBT THAT WAS DISCHARGED.* ..................................................................................... 6

    **A.** The allegations of Counts II-V are not necessary to the claim for foreclosure stated in Count I. 6

    **B.** The Count II claim for "Breach of Note" is a personal liability claim against Vincent for money
damages ....................................................................................................................... 7

    **C.** The Count III claim for "Breach of Contract, Money Had and Received" is a personal liability
claim against Vincent for money damages. ............................................................................. 8

    **D.** The Count IV claim for "Quantum Meruit" is a personal liability claim against Vincent for
money damages. ............................................................................................................. 8

    **E.** The Count V claim for "Unjust Enrichment" is a personal liability claim against Vincent for
money damages. ............................................................................................................. 8

    **F.** The prayers for relief in the Complaint establish that Counts II-V state personal liability claims
against Vincent. ............................................................................................................. 9

    **G.** The Attorneys' claims that money judgments on Counts II-V would have allowed Bank to
assert judgment liens against the Property does not alter the character of those counts as personal
liability claims for money against Vincent. ........................................................................... 10

*V.* *11 U.S.C. § 524 IS AN INJUNCTION AGANIT  THE ASSERTIONS OF   COUNTS II-V OF THE
COMPLAINT.* ................................................................................................................. 11

    **A.** An "alternative pleading" argument does not justify the filing of Counts II-V. ........................ 12

    **B.** There is no "fair ground of doubt" as to whether the Attorneys' assertions of Counts II-V of the
Complaint might be lawful. ............................................................................................... 13

    **C.** Counts II-V of the Complaint *could not* properly form the basis for claims against Vincent that
were not barred by Section 524(a)(2). .................................................................................. 13

*VI.* *THE OTHER ARGUMENTS OF THE ATTORNEYS DO NOT CHANGE THE FACT THAT THEY
VIOLATED SECTION 524(a)(2).* ........................................................................................ 14

    **A.** The dismissal of the underlying complaint does not change the fact that the Attorneys violated
the discharge injunction, and that Vincent has been damaged. ................................................... 14

B.    **Whether the Attorneys actions were within their authority as members of Doonan Graves & Longoria, LLC is immaterial.** ...................................................................................................... 15

C.    **Whether the Attorneys actions within their authority granted to them by Bank and Caliber is immaterial.** ........................................................................................................................... 15

D.    **The bankruptcy disclaimer in the default letter is immaterial.** ............................................... 16

**VII.    *THE LITIGATION PRIVILEGE DOES NOT PROTECT VIOLATORS OF A DISCHARGE ORDER AND SECTION 524 FROM LIABILITY FOR DAMAGES AWARDS UNDER 11 U.S.C. § 105.*** ........... 16

**VIII.    *VINCENT'S ASSERTIONS OF VIOLATIONS OF THE FDCPA STATE CLAIMS AGAINST DOONAN AND LONGORIA UPON WHICH RELIEF CAN BE GRANTED.*** .................................... 19

**IX.    *CONCLUSION.*** ...................................................................................................... 20

## I.    INTRODUCTION.

Vincent received a Ch. 7 discharge from the Maine Bankruptcy Court on July 31, 2012

(ECF 6-1). "A discharge order "operates as an injunction" that bars creditors from collecting any

debt that has been discharged." *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1799 (2019), quoting 11

U.S.C. § 524(a)(2). Vincent's First Amended Counterclaim (the "FACC") alleges that Attorney's

Doonan and Longoria (the "Attorneys") violated that injunction by filing the Complaint asserting

$244,889.73 in money damages on the discharged liability on a 2006 mortgage note. The

Attorneys have moved to dismiss the claims against them in the FACC, alleging among other

things that the litigation privilege protects them from liability for violating what is commonly

called the "discharge injunction." If the Attorneys' argument on their motion to dismiss is

allowed to prevail, the effect will be the nullification of the discharge injunction, and the

thwarting of "one of the primary purposes of federal bankruptcy law, which is to "give the debtor

a 'new opportunity in life and a clear field for future effort, unhampered by the pressure and

discouragement of pre-existing debt.'" *Bessette v. Avco Financial Services, Inc.*, 230 F.3d 439,

442 (1st Cir. 2000), quoting *Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124

(1970).

On October 15, 2020, U.S Bank Trust, N.A. ("Bank") commenced this action claiming to own a note and mortgage granted by Vincent on July 26, 2006 to First Magnus Financial Corporation. Represented by Attorneys Doonan and Longoria (the "Attorneys"), Bank filed a five-count complaint against Vincent, asserting these causes of action:

> Count I – Foreclosure and Sale
> Count II – Breach of Note
> Count III - Breach of Contract, Money had and Received
> Count IV – Quantum Meruit
> Count V – Unjust Enrichment

Vincent filed an answer and counterclaim and followed with her First Amended Counterclaim (the "FACC") (ECF-25) to which the Attorneys' motion to dismiss is addressed.

If Bank had actually owned the 2006 mortgage on Vincent's property, only its right to assert a proper foreclosure claim against Vincent, would have survived Vincent's Ch. 7 discharge. It appears that Bank did not actually own the mortgage, and therefore lacked standing to sue for foreclosure, since Count I of its Complaint did not allege that it had any assignment of it from First Magnus. Instead, Bank alleged that Vincent was estopped from denying that Bank had standing on the foreclosure claim.

Vincent asserts in Counts II & III of the FACC that the Attorneys violated the discharge injunction in Counts II-V of the Complaint by asserting claims to recover on pre-petition debt arising under the Note against Vincent. Bringing these claims in the Complaint  constitutes "the commencement… of an action… to collect, recover or offset such debt as a personal liability of the debtor" in violation of 11 USC Section 524(a)(2). Also, in Count VI of the FACC Vincent asserts claims against the Attorneys for violation of the federal Fair Debt Collection Practices Act arising out of their wrongful assertion of personal liability claims against Vincent. After

Vincent answered and asserted her counterclaims, the Attorneys, acting for Bank, dismissed the Complaint (ECF 18) leaving the Vincent counterclaims as the only matters to be adjudicated.

Now the Attorneys have moved to dismiss the counterclaims asserted against them in Counts II, III and VI of the FACC. They claim that an "absolute" litigation privilege bars Vincent's assertion of any claims against them. They also assert that, even if there is no such privilege, FACC Counts II & III fail to state claims upon which relief can be granted because they assert that the Counts II-V of the Complaint were not personal claims against Vincent which violated Section 524(a)(2). In addition, they assert that the FDCPA claim of Count VI of the Complaint fails to state a claim upon which relief can be granted because they dispute that they are "debt collectors" under  the FDCPA and dispute other factual allegations of that Count. Vincent addresses these two Rule 12(b)(6) claims in the following sections of this memorandum.

The Attorneys, who originally represented Bank, have become counterclaim defendants. Counterclaim Defendants Bank and Caliber Home Loans, through other counsel, filed answers to the FACC (ECF 26 & 27), but in their motion to dismiss, the Attorneys now appear to be continuing to also act as counsel for Caliber by arguing: (i) Count VII (an FDCPA claim against Caliber) should be dismissed, (ii) that Counts VIII and IX (the Maine servicer duty of good faith claims against Caliber) should be dismissed, and (iii) that all claims against Bank and Caliber should be dismissed. Vincent does not address the Attorneys' apparent motion to dismiss on behalf of Bank and Caliber, because the motion must be denied as Bank and Caliber had previously answered and Fed. R. Civ. P. 12(b) bars such a motion after an answer has been filed.

## II.    THE ISSUES OF THIS CASE ARISE OUT OF A SO-CALLED "*GREENLEAF*" PROBLEM.

Bank wanted to foreclose upon property which Vincent owned at the time of her 2012 bankruptcy discharge. Vincent's Ch. 7 discharge did not bar the owner of the mortgage from

bringing a simple foreclosure action against Vincent seeking *in rem* relief only. For Bank to foreclose, it had to allege and prove it owned the mortgage granted by Vincent in 2006 to Mortgage Electronic Registration Systems, Inc. ("MERS") and First Magnus Financial Corporation (Complaint Ex. C). *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 12,18 & 21, 96 A.3d 700. All MERS received was the right to record the mortgage, while the actual mortgage interest was granted to First Magnus. *Id.* at ¶ 13-15. Bank does not allege that it has an assignment of the mortgage from First Magnus, and this is a fatal standing defect in Count I of the Complaint. *Id.*

Bank attempted to finesse this lack of standing problem in paragraphs 31 and 32 of the Complaint by alleging that Vincent's Statement of Intention in her Ch. 7 case estopped her from challenging Bank's lack of standing to foreclose. But, "a defect in standing cannot be waived." *U.S. v. AVX Corp.*, 962 F.2d 108, 116, n.7 (1st Cir. 1992).

The Attorneys were facing the likely failure of Bank's foreclosure claim stated in Count I of the Complaint since this court is familiar with the *Greenleaf* problem and, as the Attorneys know, the court scrutinizes their foreclosure cases with care. Thus, the Attorneys resorted to the assertion in Complaint ¶ 32 that Vincent's' Statement of Intention in her Bankruptcy case "reaffirmed the debt" and followed with the assertion of the money damages claims set out in Counts II-V against Vincent *in personam*. As discussed further below, Bank was enjoined from asserting these claims by Section 524(a)(2).

## III. *TAGGART V. LORENZEN* DEFINES THE STANDARD FOR DETERMINING WHETHER THE FIRST AMENDED COUNTERCLAIM STATES A CLAIM FOR RELIEF.

"[A] court may hold a creditor liable in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct. In other

words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be reasonable." *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1799 (2019) (emphasis in original). The following sections of this memorandum show that, based on the allegations of the FACC, there is no objectively reasonable basis to conclude that the Attorneys assertion of Counts II-V against Vincent might be reasonable.

## IV.   COUNTS II-V OF THE COMPLAINT STATE PERSONAL LIABILITY CLAIMS AGANST VINCENT FOR DEBT THAT WAS DISCHARGED.

### A.   The allegations of Counts II-V are not necessary to the claim for foreclosure stated in Count I.

Had Bank been able to allege in Count I of the Complaint it was the owner of the mortgage under a chain of assignments from First Magnus, that count would have stated a claim for foreclosure upon which *in rem* relief only could have been granted. But for the missing First Magnus assignment, the count meets the requirements for foreclosure set out in *Bank of America v. Greenleaf* at ¶ 18. The Attorneys attempt to justify the assertions of the claims of Counts II-V as being necessary to the foreclosure claim (see Atty. Motion, p. 4). That is simply wrong.

The attorneys correctly argue that pleading and proof of the amount due on the Vincent note would be essential for them to prove the right to a judgment of foreclosure. Count I of their Complaint does specifically allege in paragraph 30 that $244,889.73 was due on the Vincent note and mortgage. That assertion there does not violate Section 524(a)(2). What was unnecessary to the claim for foreclosure, and what did violate Section 524(a)(2), was the assertion in Counts II-V of Vincent's personal liability for this money and the demand for the court to award money damages.

A compliant recently filed by the Attorneys in another foreclosure case proves that they know that the assertions of separate causes of action on the note or for the personal liability

claims are unnecessary to plead and prove a claim for foreclosure. In *Federal National Mortgage Association v. Ferland*, Case No. 2:20-cv-00471 (D. Me.), the Attorneys filed a single count complaint dated December 21, 2020 seeking to foreclose on real estate of a deceased borrower by suing Ferland as the personal representative of the borrower's estate. That complaint, asserting only a claim for foreclosure and recognizing that Ferland has no personal liability on the debt similarly makes specific assertions as to the amount due on the note but contains prayers for relief that are directed solely against the mortgaged property. No causes of action other than a claim for foreclosure are asserted, and no money damages are sought against Ferland.[1] A copy of that complaint is filed as Exhibit 1 to this memorandum and may be considered by the court as, in considering a motion to dismiss, it is appropriate for the court to consider "matters susceptible to judicial notice. *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12 (1st Cir. 2003). If Bank had had the necessary mortgage assignment from First Magnus in this case, and had the Attorneys filed the Complaint similar in form to and seeking the limited relief sought in the Ferland matter, there could have been no counterclaims against the Counterclaim Defendants because Bank's complaint would have stated a sufficient claim for foreclosure without violating Section 524(a)(2).

**B.      The Count II claim for "Breach of Note" is a personal liability claim against Vincent for money damages**

Paragraph 44 of Count II of the Complaint states the total debt owed on the note as being $244,889.73, and in paragraph 45 asserts that "injustice can only be avoided by awarding damages for the total amount owed under the Note, plus costs and expenses, including attorney

---

[1] In *Ferland,* a motion to dismiss was filed asserting that the court lacks jurisdiction due the $75,000 diversity threshold not being met. There is no claim in that motion to dismiss that the foreclosure claim otherwise fails to state a claim upon which relief could be granted, and such a claim, had it existed, would have been mandatory under Fed. R. Civ. P. 12(g)(2).

fees." No *in rem* relief is sought against the mortgaged property. Objectively, Count II is a personal liability claim against Vincent for money damages.

### C.      The Count III claim for "Breach of Contract, Money Had and Received" is a personal liability claim against Vincent for money damages.

In paragraphs 56 and 57 of Count III of the Compliant, Bank makes the same allegations as in paragraphs 44 and 45 of Count II seeking an award of damages for alleged breach of contract and making no claim for in rem relief against the mortgaged property. Objectively, this Count III is also a personal liability claim against Vincent for money damages.

### D.      The Count IV claim for "Quantum Meruit" is a personal liability claim against Vincent for money damages.

Bank labels Count IV as a cause of action for quantum meruit. "Quantum meruit is a legal claim for money damages." *Cummings v. Bean*, 2004 ME 93, ¶ 11, 853 A.2d 221. Bank alleges in paragraph 61 that Vincent "should be required to compensate Plaintiff…" No *in rem* claim against the mortgaged property is asserted. Objectively, this Count IV is also a personal liability claim against Vincent for money damages.

### E.      The Count V claim for "Unjust Enrichment" is a personal liability claim against Vincent for money damages.

Bank labels Count V of the Complaint as a claim for unjust enrichment. A claim for unjust enrichment is a claim for "payment of its value" where there is no contractual relationship, but a benefit is conferred upon the defendant by the plaintiff. *Federal Ins. Co. v Maine Yankee Atomic Power Co.*, 183 F.Supp.2d 76, 84 (D. Me. 2001) quoting *Aladdin Elec Assoc. V. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (1994). See also *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶ 12, 161 A.3d 696 (stating that a claim for unjust enrichment is a claim for the

"payment of value" where the plaintiff has incurred a benefit where it would be inequitable for the defendant to fail to pay for it.) Bank alleges its right to such payment in paragraph 65 with its allegation that "Vincent has failed to repay the loan obligation." No *in rem* relief as sought, and this Count V is also a claim against Vincent for personal liability for the payment of money.

     **F.**    **The prayers for relief in the Complaint establish that Counts II-V state personal liability claims against Vincent.**

     The prayers for relief in the Complaint state 17 requests for relief, none of which is tied to any specific count of the Complaint, but most of which are unrelated to the Count I claim for foreclosure. For the purposes of the Attorneys' denial in their motion to dismiss the FACC that Counts II-V of the Complaint seek personal liability of Vincent for payment of pre-petition debts, one only needs to read the second to last prayer for relief:

> Wherefore, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF 11 Master Participation Trust, prays this Honorable Court:
> …
> p) Additionally, issue a money judgment against Defendant Karen Lisa Vincent, and in favor the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF 11 Master Participation Trust, in the amount of Two Hundred Forty-Four Thousand Eight Hundred Eighty-Nine and 73/100 ($244,889.73) Dollars, the total debt owed under the Note plus interest costs including attorney's fees and costs.

     The Attorneys assert that the allegations of Counts II-V of the Complaint do not use the words "personal liability" in asserting the claims of those counts against Vincent. Those two words do not need to be used for a claim *to be* an assertion of personal liability. Prayer (p), asking the court to "issue a money judgment against Defendant Karen Lisa Vincent," can be nothing but the assertion of a claim for personal liability. An action *in personam* is "an action brought against a person rather than property." *Blacks Law Dictionary* 32 (9th Ed. 2004). While Count I of the Complaint seeking foreclosure may be an *in rem* claim against the mortgaged property, it cannot be fairly contended that

Counts II-V are not *in personam* claims included within the injunction of Section 524(a)(2).

### G. The Attorneys' claims that money judgments on Counts II-V would have allowed Bank to assert judgment liens against the Property does not alter the character of those counts as personal liability claims for money against Vincent.

The Attorneys argue that Vincent's assertion is wrong when she contends that Counts II-IV are personal liability claims because--they assert--there is "explanatory language to the contrary in the Complaint." Atty. Motion, p. 2. There is no such explanatory language. The allegations of Counts II-V and the prayers for relief (especially clear from prayer (p) quoted above; do indeed state personal liability claims against Vincent.

Then the Attorneys assert that, if they had been able to obtain a money judgment on Complaint Counts II-V, they could have filed a lien against the Property (presumably pursuant to 14 M.R.S. § 4651-A) and could have conducted a sheriff's sale (presumably pursuant to 14 M.R.S. §§ 2201-2209). Atty. Motion, p. 3-4. There are four responses to the assertion.

First, whatever plans the Attorneys may have had for any judgment and execution which they hoped to obtain on Counts II-IV of the Complaint is outside of the record and not appropriate for consideration on their motion to dismiss.

Second, the Attorneys assume that they could have induced this court to issue a void money judgment against Vincent, an assertion both absurd and insulting to the court. Section 524(a)(1) "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727" 11 U.S.C. § 524(a)(1). Even if Vincent had defaulted, this court's history of closely scrutinizing default judgment motions in foreclosure cases shows that the court would have seen the allegation of Vincent's Ch. 7 case in Complaint ¶ 31 and would have refused to enter any

order in violation of Section 524(a)(1). The Attorneys suggest that perhaps Vincent might have consented to a judgment on Complaint Counts II-V, but such an assertion is outside of the record on this motion to dismiss and in any event this court surely would have recognized that any such consent would have been a reaffirmation agreement not permitted by Section 524(c) and would have refused to enter such a judgment.

Third, the supposed plan of the Attorneys to aid Bank and Caliber by obtaining a void judgment and using it to sell the Property on a sheriff's execution sale is inherently illogical and absurd, because any sheriff's sale of the Property would have left the title conveyed in such a sale subject to the first mortgage to First Magnus and the second mortgage owned by Party-in-Interest,The Bank of New York Mellon, leaving Bank and Caliber with no gain.

Fourth, any plan of the Attorneys to take a personal liability judgment for $244,889.73, such as they sought in prayer for relief (p) quoted above, and use it to file an execution lien against assets of Vincent under 14 M.R.S. § 4651-A, does not change the character of the claims asserted in Counts II-V of the Complaint as being claims for personal liability of Vincent. The Attorneys saying that is so does not make it so. They cite no precedent to support such a claim because there is none.

As the prayer for relief quoted above shows, the Complaint *did indeed* seek money damages from Vincent personally for a discharged debt. The Attorneys' contrary statement in their memorandum does not change this.

## V.   11 U.S.C. § 524 IS AN INJUNCTION AGAINT  THE ASSERTIONS OF COUNTS II-V OF THE COMPLAINT.

For Counts II and III of Vincent's FACC to withstand the Attorneys' motion to dismiss, the FACC must contain allegations, which taken as true, show that "there is not a 'fair ground of doubt' that the [Attorneys'] conduct might be lawful under the discharge order."

*Lorenzen*, 139 S.Ct. 1795, 1804 (2019). The Attorneys do not dispute that Section 524(a)(2) is an injunction against the commencement of a suit against Vincent asserting personal liability on her 2006 note to First Magnus. What they refuse to accept is the fact that Complaint Counts II-V truly are assertions of claims for personal liability against Vincent. As demonstrated in the preceding sections the is no "fair ground of doubt" that those counts do assert personal liability claims against Vincent, the assertion of which did indeed violate Section 524(a)(2). The other arguments advanced by the Attorneys to evade this fact are unavailing.

### A.   An "alternative pleading" argument does not justify the filing of Counts II-V.

The Attorneys argue this court's holding in *U.S. Bank v. Jones*, 330 F.Supp.3d 530 (D. Me. 2018), aff'd 925 F.3d 534 (1st Cir. 2019), justifies the filing of Counts II-V of the Complaint "as alternative legal theories to support causes of action to enforce a security interest in property other than standard mortgage foreclosure…". Atty. Mem., 11. Alternative pleading does not permit assertion of alternative claims which violate the discharge injunction. As demonstrated in the previous section, those are money damage claims asserted as personal liabilities of Vincent. *Jones* provides no support for the claims that Counts II-V can be asserted against a borrower whose debts have been discharged. In *Jones*, the plaintiff was the same as the plaintiff in this case and was also represented by the Attorneys who asserted the same five cause of action they asserted here. Because the default notice in *Jones* was defective, the court denied judgment on the foreclosure count but did enter judgment on the count seeking judgment on the note. Had that same fact pattern occurred in this case, Section 524(a)(1) would have prevented this court could from entering judgment on the Note. The difference is that the homeowner in *Jones* had not been discharged in a Ch. 7 case, so there was nothing improper about the court's entry of *in personam* judgment on the note. Vincent does not contend that it is never permissible for a mortgage loan

12

owner to assert claims both for foreclosure and for money due on the note. What she does contend is that it was impermissible in this case—or any case where the borrower has discharged the Note in bankruptcy -- for Bank and the Attorneys to assert claims for money due on the Note after the borrower's debts have been discharged.

**B.     There is no "fair ground of doubt" as to whether the Attorneys' assertions of Counts II-V of the Complaint might be lawful.**

The Attorneys attack the statement of paragraph 52 of the FACC which asserts that the Attorneys "knew that the allegation stated in paragraph 32 that Vincent had reaffirmed the debt on the Vincent Loan was false." Paragraph 32 of the Complaint stated that Vincent's' bankruptcy Statement of Intention "reaffirmed the debt to Bank of America," and then the Attorneys went on to plead the claims of Counts II-V as if there had been a reaffirmation of the debt by Vincent. The Attorney's arguing this issue is pointless on this motion to dismiss, because without regard to the allegations of Paragraph 32 of the Complaint and paragraph 52 of the FACC, the Attorneys violated Section 524(a)(2). If the Attorneys did not believe that Vincent had reaffirmed the debt on the Vincent Loan, then there could be no justification for their filing Counts II-V of the Complaint. If they did believe that the Statement of Intention was a reaffirmation, such a belief would have been unfounded since Section 524(c) & (k) make it clear that the Statement of Intention was not a reaffirmation agreement. Regardless of whether the Attorneys knew that Vincent had not reaffirmed the mortgage debt, there was "no fair ground of doubt" that the Statement of Intention *did not* reaffirm the debt and could not justify filing Complaint Counts II-V.

**C.     Counts II-V of the Complaint *could not* properly form the basis for claims against Vincent that were not barred by Section 524(a)(2).**

The Attorneys seem to interpret the "fair ground of doubt" standard of *Taggart* to mean that the court must determine "whether on its face, the Complaint outlining various theories of relief *could* form the basis for a valid claim." Atty. Mem., p. 13 (emphasis in original). The Attorneys devote four pages of their memorandum to confusing arguments to justify filing Count I, the foreclosure count, when Bank had no standing to assert that claim. Atty. Mem., pp 15-18. However, the issues with the foreclosure count have nothing to do with the fact that Counts II-V of the Complaint violate Section 524(a)(2). Vincent's FACC does not contend that Complaint Count I violated the discharge injunction. As to Counts II-V of the Complaint, Vincent's arguments stated above show that Counts II-IV *could not* form the basis for valid claims against Vincent and *do* violate Section 524(a)(2).

## VI.   THE OTHER ARGUMENTS OF THE ATTORNEYS DO NOT CHANGE THE FACT THAT THEY VIOLATED SECTION 524(a)(2).

While the combined twenty-five-page motion and memorandum of the Attorneys is often difficult to understand, it appears that the Attorneys may also argue that the following matters should be considered on their motion to dismiss.

### A.   The dismissal of the underlying complaint does not change the fact that the Attorneys violated the discharge injunction, and that Vincent has been damaged.

The Attorneys assert that that their dismissal of the Complaint means that the FACC states no claim upon which relief can be granted for their violation of Section 524(a)(2). The violation of the discharge injunction did occur, and Vincent was put in fear that her 2012 bankruptcy discharge would not protect her against Bank's assertion of a demand for judgment against her of $244,889.73. The dismissal of the Complaint after Vincent's counterclaim was filed does not erase the violation or the damage which it caused. If anything, the voluntary

dismissal supports the fact that  the Attorneys did violate Section 524(a)(2). They cite no precedent to support a claim that a violation of the discharge injunction and resultant damage can be erased by a withdrawal of the violating lawsuit.

**B.      Whether the Attorneys actions were within their authority as members of Doonan Graves & Longoria, LLC is immaterial.**

The Attorneys assert that they are members of Doonan Graves & Longoria, LLC, a limited liability company "acting within the scope of their duties as members of DG&L in drafting and filing the complaint" and that they are "not liable as individual defendants." These are facts not within scope of the FACC or material to its allegations. Law firms do not file appearances in court cases—attorneys do. Attorneys Doonan and Longoria are the attorneys who commenced this action asserting personal liability claims for money damages against Vincent, and their membership in a limited liability law firm does not shield them from individual liability. They cite no precedent to support such a proposition. The FACC asserts their individual liability and must be taken as true on this motion to dismiss, and their membership in their law firm is immaterial to the allegations of the FACC or to any issue of this case. *In re Gammons*, 2020 WL 1547154 (Bankr. D. R.I.)

**C.      Whether the Attorneys actions within their authority granted to them by Bank and Caliber is immaterial.**

The Attorneys assert that their actions in commencing this case "were well within the scope of our employment and attorney/client relationship as legal counsel to U.S. Bank and Caliber Home Loans, Inc." Atty. Motion, p.2. "[A]n actor remains subject to liability although the actor acts as an agent or employee, with actual or apparent authority, or within the scope of employment." *Restatement (Third) of Agency* § 7.01 (2006). While the Attorneys' assertion that they acted within the scope of the authority granted to them by Bank and Caliber may well be

relevant when the liability of those parties is considered, it is immaterial to the issue of the Attorneys' liability on the claims of the FACC on this motion to dismiss. *In re Gammons*, 2020 WL 1547154 (Bankr. D. R.I.).

> **D.    The bankruptcy disclaimer in the default letter is immaterial.**

The Attorneys argue that the bankruptcy disclaimer in the Caliber default letter sent to Vincent almost four months before they served Complaint on her with no such disclaimer somehow means that they did not violate the Section 524(a)(2) prohibition against the "commencement … of an action… to collect…such debt as a personal liability of the debtor." The filing of the Complaint asserting money damages claims against Vincent violated the discharge injunction, notwithstanding the content of the default letter.

## VII.    THE LITIGATION PRIVILEGE DOES NOT PROTECT VIOLATORS OF A DISCHARGE ORDER AND SECTION 524 FROM LIABILITY FOR DAMAGES AWARDS UNDER 11 U.S.C. § 105.

The Attorneys claim that the Maine common law litigation privilege absolutely protects them against liability arising from their violation of Section 524(a)(2). The litigation privilege may protect parties and their attorneys from claims for making defamatory statements in pleadings and related documents,[2] but Vincent makes no claim that the Attorneys statements in the Complaint are defamatory. Rather, what was wrongful was their act of filing of the personal liability counts in defiance of the injunction of Section 524(a)(2). The litigation privilege cannot be used as a shield against liability by litigants and their attorneys when they violate the direct prohibition of federal law. This is what the relevant subparts of Section 524(a) say:

---

[2]  The Attorneys cite the leading Maine litigation privilege case of *Dineen v. Daughn*, 381 A.2d 663 (Me. 1978), along with *Saunders v. VanPelt,* 497 A.2d 1121 (Me. 1985), *Creamer v. Danks*, 700 F.Supp. 1169 (D. Me. 1988), *Simon v. Navon*, 951 F.Supp. 279 (D. Me. 1997), *OfficeMax, Inc.v. Sousa*, 773 F.Supp.2d 190 (D. Me. 2011), and a series of cases from other jurisdictions, but those are cases involving claims for defamation made during court proceedings, not cases where the claims are that the attorneys violated a federal statutory injunction.

(a) A discharge in a case under this title—

    (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

    (2) operates as injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; …

There are no stated exceptions in Section 524(a)(2) applicable to this case. That section is a ban on the "commencement…of an action…to collect…any such [discharged] debt as personal liability of the debtor." The Attorneys did exactly what Section 524(a)(2) prohibits—through Complaint Counts II-V, they commenced an action to collect Vincent's discharged debt on the 2006 Note as a personal liability. No language in Section 524, or anywhere else in the Bankruptcy Code, exempts creditors or their attorneys from the injunction provision of Section 524(a)(2).

    The discharge injection provision of Section 524(a)(2) is enforced through Bankruptcy 11 U.S.C. §105 which provides:

    (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Section 105 "provides a bankruptcy court with statutory contempt powers, in addition to whatever inherent contempt powers the court may have." *Bessette,* 230 F.3d at 445. *See also, Taggart*, 139 S.Ct. at 1801. The Attorneys' litigation privilege argument would render Section 524(a)(2) meaningless and would nullify the power of federal courts to police the conduct of parties coming before their courts. The Attorneys have not cited, and Vincent has not found, any

court decision which holds that the litigation privilege can be used to nullify this federal statute and deprive federal courts of their inherent and contempt powers to regulate the conduct of parties in court cases.

However, guidance is available in case law arising under the Fair Debt Collection Practices Act (the "FDCPA"). Confronting the issue of the application of the litigation privilege in an FDCPA action arising out of a New Jersey debt collection matter, the 3rd Circuit held that the litigation privilege cannot apply to FDCPA claims, stating:

> New Jersey's litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Hawkins v. Harris*, 141 N.J. 207, 661 A.2d 284, 289 (1995) (internal quotations and citations omitted). FSKS's letters here undoubtedly fall within this definition. Nonetheless, the FDCPA does not contain an exemption from liability for common law privileges. "[C]ommon law immunities cannot trump the [FDCPA]'s clear application to the litigating activities of attorneys," *Sayyed,* 485 F.3d at 231, and, like the Fourth Circuit, we will not "disregard the statutory text in order to imply some common law privilege," *id.* at 229; *see also Hartman v. Great Seneca Fin. Corp.,* 569 F.3d 606, 615–17 (6th Cir.2009). The application of the New Jersey litigation privilege does not absolve a debt collector from liability under the FDCPA.

*Allen v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011). The Maine litigation privilege is similar in scope to that of New Jersey. If one were to substitute the words "Maine" for "New Jersey" and "Section 524(a)(2)" for "FDCPA" in the Third Circuit's language above, that language explains why the litigation privilege cannot apply to violations of the Section 524(a)(2) and actions by federal court to sanction such violations and award damages under Section 105.

The Attorneys are arguing that, as attorneys, they especially should be protected by the litigation privilege in bankruptcy discharge injunction actions. Nothing in Bankruptcy Code Sections 524(a)(2) and 105 contains such a special exemption for

attorneys. Again, turning to the FDCPA case law for guidance, courts have not been willing to read any attorney exemption into the FDCPA for liability of attorneys acting as debt collectors. *Kaymark v. Bank of America, N.A.,* 783 F.3d 168 (3rd Cir. 2015); *Heintz v. Jenkins,* 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

The Attorneys admit in their motion to dismiss that they are the ones who drafted and filed the Complaint. They were the gatekeepers to the court. Among Bank, Caliber and the Attorneys, the Attorneys were the actors who interfered with the fresh start to which Vincent was entitled as a result of her bankruptcy filing. They should not have immunity from sanctions for their multiple violations of the discharge injunction.

## VIII.   VINCENT'S ASSERTIONS OF VIOLATIONS OF THE FDCPA STATE CLAIMS AGAINST DOONAN AND LONGORIA UPON WHICH RELIEF CAN BE GRANTED.

The Attorneys begin their argument that Count VI of the FACC, which assets violations of the FDCPA, should be dismissed by asserting that the law is in doubt as to whether an attorney can be considered a debt collector within the meaning of the FDCPA. As discussed above, the Third Circuit settled this issue in 2011 in the affirmative in *Allen v. LaSalle Bank, N.A.,* 629 F.3d 364 (3rd Cir. 2011), with the compelling reasoning quoted in the preceding section. The Massachusetts District Court, citing *Allen,* followed this reasoning in *Akar v. Federal Nat. Mortg. Ass'n,* 843 F.Supp.2d 154 (D .Mass. 2012) stating "'[a]ll circuits to consider the issue, except for the Eleventh, have recognized the general principle that the FDCPA applies to the litigation activities of attorneys who qualify as debt collectors under the statutory definition,'" quoting *Sayyed v. Wilpoff & Abramson,* 485 F.3d 226, 230 (4th Cir. 2007). The Attorneys cite no precedent to the contrary. The FACC alleges specific facts which show that the

Attorneys do qualify as debt collectors under the FDCPA, and the FACC does state a claim for violations of the FDCPA upon which relief can be granted.

Next, the Attorneys assert that the allegations of FACC ¶ 79 are false in their allegations that the Attorneys filed personal liability claims against Vincent. These allegations must be taken as true on the motion to dismiss, and as the arguments in preceding sections show, there is no fair ground of doubt that Complaint Counts II-V do state personal liability claims against Vincent. The FACC details how these statements violate the FDCPA, and the FACC does state sufficient facts upon which relief under the FDCPA can be granted to Vincent.

## IX.    CONCLUSION.

Counts II-V of the Complaint each assert personal liability of Vincent for $244,889.73 of money damages. Applying *Taggart*, there is no fair ground of doubt that the assertion of these personal liability claims violated Section 524(a)(2). The allegations of Count II, III and VI of the FACC are sufficient in showing that the Attorneys' filing of the Complaint violated the Section 524(a)(2) and the FDCPA. The Maine litigation privilege does not protect the Attorneys for their violations of these federal statutes.

Because Counts II, III and VI of the FACC do state claims against the Attorneys upon which relief can be granted, the Attorneys' motion to dismiss must be denied.


DATED: February 23, 2021


/s/ Thomas A. Cox
Thomas A. Cox, Esq. Me. Bar No. 1248
*Attorney for Counterclaim Plaintiff*
 *Karen Lisa Vincent*

P.O. Box 1314
Portland, ME 04104
(207) 749-6671
tac@gwi.net

CERTIFICIATE OF SERVICE

I hereby further certify that on February 23, 2021, I electronically filed the foregoing Memorandum in Opposition to Motion to Dismiss using the CM/ECF system which will send notification of such filing to the following:

John A. Doonan, Esq., and
Reneau J. Longoria, Esq.
Doonan, Graves & Longoria, LLC

Adam J. Shub, Esq.
Preti Flaherty, LLP

_/s/Thomas A. Cox_____
Thomas A. Cox