UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST, <br><br>  Plaintiff, <br><br>  v. <br><br> KAREN LISA VINCENT, <br><br>  Defendant. <br><br> KAREN LISA VINCENT, <br><br>  Counterclaim Plaintiff, <br><br>  v. <br><br> U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST, CALIBER HOME LOANS, INC., JOHN A. DOONAN, and RENEAU J. LONGORIA, <br><br>  Counterclaim Defendants. | No. 2:20-cv-00380-JAW |

**ORDER ON JOHN A. DOONAN AND RENEAU J. LONGORIA'S MOTION TO DISMISS**

A bank filed a five-count complaint against a woman, seeking a foreclosure and sale of her vacant property and asserting four other counts stemming from her alleged failure to make payments on her mortgage. The woman answered the complaint and asserted counterclaims against the bank, the mortgage servicer, and the two attorneys who filed the complaint. The woman alleges that a Chapter 7 bankruptcy discharge from 2012 protects her from personal liability on the mortgage debt, and

the bank's attempt to collect such debt as a personal liability violates a bankruptcy discharge injunction issued pursuant to 11 U.S.C. § 524, 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act (FDCPA), and 14 M.R.S. § 6113.  The attorneys move to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court concludes that the Bankruptcy Court is in a better position than this Court to determine whether a violation of its bankruptcy discharge order occurred, and if so, to craft an appropriate remedy.  Therefore, the Court refers the bankruptcy discharge claims to the Bankruptcy Court.  As the Bankruptcy Court resolves this issue, the Court will retain the FDCPA and Maine state-law claims but refer to the Bankruptcy Court the question of whether the Bankruptcy Court has jurisdiction to decide the FDCPA and Maine state-law claims.  If the Bankruptcy Court decides it has jurisdiction, the Court may transfer the FDCPA and Maine state-law claims.  In the meantime, the Court stays the proceedings in this case pending the Bankruptcy Court's resolution of the bankruptcy claims.

**I.     BACKGROUND**

On October 15, 2020, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust (U.S. Bank), through its attorneys John A. Doonan and Reneau J. Longoria of Doonan, Graves & Longoria, LLC, filed a complaint against Karen Lisa Vincent to enforce U.S. Bank's security interest in a home at 417 Bonny Eagle Road, Standish, Maine. *Compl.* (ECF No. 1).  U.S. Bank alleged that Ms. Vincent defaulted on her mortgage, and as of August 31, 2020, owed a total debt of $244,889.73 under

the note and mortgage. *Id.* ¶ 22. In total, U.S. Bank asserted five counts against Ms. Vincent: (1) Foreclosure and Sale, (2) Breach of Note, (3) Breach of Contract, Money Had and Received, (4) Quantum Meruit, and (5) Unjust Enrichment. *Id.* ¶¶ 25-67.

On November 13, 2020, Ms. Vincent answered the Complaint and asserted counterclaims against U.S. Bank, Caliber Home Loans, Inc. (Caliber), the mortgage servicer for U.S. Bank, and Attorney Doonan and Attorney Longoria (the Attorneys). *Answer to Compl. and Countercl.* (ECF No. 6). Ms. Vincent alleged that she filed a Chapter 7 bankruptcy case on April 19, 2012, and on July 31, 2012, the Bankruptcy Court for the District of Maine entered an order discharging her from her debts, including all in personam liability on the note. *Id.* at 12-13. Ms. Vincent asserted claims against U.S. Bank, Caliber, and the Attorneys for violation of the bankruptcy discharge injunction, 11 U.S.C. § 524, and violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e(8), as well as a claim against Caliber for breaching its statutory duty of good faith under 14 M.R.S. § 6113(2). *Id.* at 14-26.

On January 7, 2021, U.S. Bank and Ms. Vincent filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a), dismissing the Complaint without prejudice but leaving Ms. Vincent's Counterclaim remaining and in force. *Stipulation of Dismissal* (ECF No. 18). On January 24, 2021, Ms. Vincent moved to amend her Counterclaim, *Mot. of Countercl. Pl. Vincent for Leave to Amend Countercl.* (ECF No. 23), which the Magistrate Judge granted, *Order* (ECF No. 24).

On January 27, 2021, Ms. Vincent filed amended counterclaims, asserting nine counts against U.S. Bank, Caliber, and the Attorneys. *First Am. Countercl. and Demand for Jury Trial* (ECF No. 25). On February 9, 2021, Caliber and U.S. Bank, represented by new counsel, answered the Amended Counterclaim. *Countercl. Def. Caliber Home Loans, Inc.'s Answer to First Am. Countercl. and Affirmative Defenses* (ECF No. 26); *Countercl. Def. U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust's Answer to First Am. Countercl. and Affirmative Defenses* (ECF No. 27).

On February 16, 2021, the Attorneys, representing themselves, moved to dismiss the Amended Counterclaim. *Mot. to Dismiss Countercls. Against John A. Doonan and Reneau J. Longoria* (ECF No. 28); *see id.*, Attach. 1, *Mem. of Law in Supp. of John A. Doonan and Reneau J. Longoria's Mot. to Dismiss*. Meanwhile, on February 16, 2021, Ms. Vincent moved to strike the Attorneys' memorandum of law for lack of compliance with District of Maine Local Rule 7. *Mot. to Strike Mem. of Law of Countercl. Defs. Doonan and Longoria* (ECF No. 29). On March 9, 2021, the Attorneys filed an amended motion to dismiss. *Am. Mot. to Dismiss Countercls. Against John A. Doonan and Reneau J. Longoria* (ECF No. 32).

On June 9, 2021, although not raised by the parties, the Court ordered the parties to address "whether this Court is the proper court to consider violations of a bankruptcy discharge order issued by the Bankruptcy Court." *Order* at 3 (ECF No. 44). The Court gave the parties seven days to brief "whether this Court should refer the case to the United States Bankruptcy Court for the District of Maine." *Id.*

at 5. On June 16, 2021, the parties responded and urged the Court not to refer the case to the bankruptcy court. *Mem. of Law in Resp. to Ct.'s Order Dated June 9, 2021* (ECF No. 46); *Mem. of Countercl. Pl. Vincent in Supp. of Retention of this Case in the District Ct.* (ECF No. 47); *Countercl. Defs. U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, and Caliber Home Loans, Inc.'s Resp. to Ct. Order Regarding Referral to Bankruptcy Ct.* (ECF No. 48).

Oral argument on the motion to dismiss took place on June 28, 2021, with the Attorneys, U.S. Bank and Caliber, and Ms. Vincent all participating. *Min. Entry* (ECF No. 49). At oral argument, the U.S. Bank, Caliber, and the Attorneys changed their position and agreed this Court should refer the bankruptcy claims to the Bankruptcy Court, but Ms. Vincent maintained that the Court should keep all of the claims and refer only the question of whether the bankruptcy discharge injunction was violated.

On June 29, 2021, Ms. Vincent filed a motion to allow additional briefing regarding her newly raised concern that referral to the Bankruptcy Court would violate her Seventh Amendment jury trial rights regarding her FDCPA claims. *Mot. of Co[u]ntercl. Pl. Vincent to Allow Additional Briefing on Question of Referral to Bankruptcy Ct.* (ECF No. 50). The Court granted the motion the next day. *Order* (ECF No. 51). On July 7, 2021, Ms. Vincent submitted her supplemental brief, proposing a way forward for the Court to preserve her Seventh Amendment jury trial rights. *Suppl. Br. of Countercl. Pl. Vincent with Respect to Possible Referral of Matters to the Bankruptcy Ct.* (ECF No. 52) (*Vincent's Suppl. Br.*). On July 14, 2021,

U.S. Bank and Caliber and the Attorneys filed their supplemental briefs. *Countercl. Defs. U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, and Caliber Home Loans, Inc.'s Resp. Regarding Suppl. Briefing* (ECF No. 53) (*U.S. Bank and Caliber's Suppl. Br.*); *Resp. to Suppl. Bri[e]f of Countercl. Pl.* (ECF No. 54).

## II. DISCUSSION

Ms. Vincent's Amended Counterclaim asserts claims for violation of the bankruptcy discharge injunction, 11 U.S.C. § 524, and violation of the FDCPA, 15 U.S.C. § 1692e(8), as well as state-law claims.[1]

### A. Violation of the Bankruptcy Discharge Injunction

Section 524 of the Bankruptcy Code states that a discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset" a discharged debt. 11 U.S.C. § 524(a)(2); *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019). The injunction "affords honest but unfortunate debtors with a 'fresh start' from the burdens of personal liability for unsecured prepetition debts and thus advances the overarching purpose of the Bankruptcy Code." *In re Canning*, 706 F.3d 64, 69 (1st Cir. 2013). "[T]he scope of the injunction is broad, and bankruptcy courts may enforce it through 11 U.S.C. § 105, any sanctions imposed for violations being in the nature of civil contempt." *Id.* Section 105 authorizes a court to "issue any order, process, or

---

[1] Ms. Vincent moves to strike the Attorneys' twenty-page memorandum of law in support of their motion to dismiss for failure to comply with District of Maine Local Rule 7. "District courts enjoy broad latitude in administering local rules." *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 224 (1st Cir. 1994); *see Ramsdell v. Bowles*, 64 F.3d 5, 7 (1st Cir. 1995) (acknowledging the district court's "great leeway in the application and enforcement of its local rules") (citation omitted). In light of the Court's decision to refer the bankruptcy claims and stay the case pending resolution in the Bankruptcy Court, this Court denies the motion to strike.

6

judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *Taggart*, 139 S. Ct. at 1801. Courts are empowered "to order monetary relief, in the form of actual damages, attorney fees, and punitive damages, when creditors have engaged in conduct that violates § 524." *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 445 (1st Cir. 2000).

### 1. Referral to the Bankruptcy Court

Under 28 U.S.C. § 1334(b), district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The district courts may refer bankruptcy jurisdiction to bankruptcy courts. 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district"). Furthermore, District of Maine Local Rule 83.6(a) instructs that "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district pursuant to 28 U.S.C. Section 157(a)." Here, the parties do not dispute that the Court may refer the bankruptcy claims to the Bankruptcy Court—the question is whether it should.

While most courts have held that a contempt action for violation of a bankruptcy discharge order may only be heard by the bankruptcy court that issued the order, *see, e.g.*, *Belton v. GE Capital Retail Bank*, 961 F.3d 612, 616-17 (2d Cir. 2020) (collecting cases), the First Circuit has taken a different approach. In *Bessette*,

7

the First Circuit rejected the argument that a party "must bring a contempt proceeding before the bankruptcy court," holding that "a district court sitting in bankruptcy is similarly authorized to invoke its equitable powers under section 105 when necessary to carry out the provisions of the Bankruptcy Code." 230 F.3d at 445-46.  The Court left the decision to the district court: "If the district court determines that it is appropriate to refer the matter back to the bankruptcy court under 28 U.S.C. § 157 . . . the bankruptcy court may accordingly resolve [the bankruptcy] claims." *Id.* at 446.  Since *Bessette*, district courts have both kept and referred claims alleging violations of bankruptcy discharge injunctions. *See, e.g.*, *Lance v. PNC Bank, N.A.*, Civil Action No. 15-10250-FDS, 2015 U.S. Dist. LEXIS 122676, at *5 (D. Mass. Sept. 15, 2015) (retaining case); *Vil v. Poteau*, No. 11-cv-11622-DJC, 2013 U.S. Dist. LEXIS 104943, at *31-32 (D. Mass. July 26, 2013) (referring case).

At oral argument, the Attorneys and U.S. Bank and Caliber acknowledged that the Bankruptcy Court was better suited to decide the bankruptcy claims and that referral was appropriate, but Ms. Vincent disagreed and argued this Court should decide the case.  She contended that the Court is capable of resolving the straightforward bankruptcy claims and judicial economy favors retention of the claims.

The Court concludes that referral of the bankruptcy claims to the Bankruptcy Court is the sounder course of action. *See McGlynn v. Credit Store, Inc.*, 234 B.R. 576, 579 (D.R.I. 1999) (referring 11 U.S.C. § 524 claims to the bankruptcy court but retaining jurisdiction over the FDCPA claims).  The Court acknowledges that, under

*Bessette*, it has the authority to decide the bankruptcy claims, but it declines to do so because the Bankruptcy Court, which issued the bankruptcy discharge injunction, is in a better position to determine whether its own injunction was violated. *See Growe ex rel. Great N. Paper, Inc. v. Bilodard Inc.*, 325 B.R. 490, 493 (D. Me. 2005) ("Bankruptcy courts, with their considerable expertise, are . . . indubitably better equipped than district courts to ensure the uniform administration of the bankruptcy code").

Moreover, even assuming there was a violation, this Court does not know how the Bankruptcy Court would view the situation. Perhaps, as Ms. Vincent argues, filing a foreclosure complaint with multiple theories of potentially individual recovery beyond foreclosure is a serious violation of the Bankruptcy Court's discharge order warranting sanctions, or perhaps, as the Attorneys and U.S. Bank and Caliber contend, the form of the Complaint is merely a technical violation.

The Court appreciates Ms. Vincent's concerns regarding judicial economy, but the Court believes it is better to proceed carefully to get the right answer. In this case, the Bankruptcy Court is better situated to give the right answer about whether its own order was violated and, if so, the significance of the violation, and thus the Court refers the bankruptcy claims to the Bankruptcy Court.

### 2. Seventh Amendment Concerns

In supplemental briefing, Ms. Vincent urges the Court to retain all claims because she is concerned that "if the bankruptcy court were to decide the damages for the discharge violation claims before the determination of the damages under the

FDCPA, it would have to decide the common factual issues that exist between the claims, specifically in regard to damages for emotional distress." *Vincent's Suppl. Br.* at 8. According to Ms. Vincent, the problem is that the Bankruptcy Court's determination "would then become binding in the FDCPA damages claim in this Court under the doctrine of collateral estoppel," in violation of her Seventh Amendment rights to have a jury determine the factual issues. *Id.* Therefore, she contends "a jury must first resolve the FDCPA claims and damages." *Id.*

The Court is unpersuaded by this argument because it is not convinced that Ms. Vincent would be collaterally estopped by the Bankruptcy Court's findings. Ms. Vincent does not argue that she has a jury trial right on her bankruptcy claims. Rather, she argues that the Bankruptcy Court's determination of emotional damages on the discharge violation could preclude a jury's determination of emotional damages on the FDCPA claims. However, this is a hypothetical problem that the Court could remedy if it arises.

Ms. Vincent's concerns are premised on the potential that the Bankruptcy Court (a) finds a violation of the discharge order, (b) concludes the violation warrants sanction, and (c) makes factual findings on emotional damages that become binding on this Court. The mere possibility that the Bankruptcy Court's hypothetical findings regarding emotional damages could violate the Seventh Amendment is not sufficient, at this point, to prevent referral.

Furthermore, even if this hypothetical situation does arise, this Court could decide that collateral estoppel does not apply because the facts underlying the

FDCPA claims are based on different legal constructs than the determination of contempt, and Ms. Vincent has a right to a jury trial to find facts on the FDCPA claims. For example, 11 U.S.C. § 105 "provides a bankruptcy court with statutory contempt powers" to redress violations of a bankruptcy discharge injunction, *Bessette*, 230 F.3d at 445, while the FDCPA provides a cause of action for "the use of any false, deceptive or misleading means to collect a debt," *Poulin v. The Thomas Agency*, 760 F. Supp. 2d 151, 161 (D. Me. 2011).

Moreover, section 524(a) and the FDCPA also have different standards—a court may hold a creditor in civil contempt for violating a bankruptcy discharge order when there is no "fair ground of doubt" as to whether the creditor's conduct might be lawful under the discharge order, *Taggart*, 139 S. Ct. at 1804, while the FDCPA "is a strict liability statute," *Shapiro v. Haenn*, 222 F. Supp. 2d 29, 42 n.8 (D. Me. 2002), and looks at the debt collection conduct from the perspective of the "unsophisticated consumer," *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 104 (1st Cir. 2014). *See Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1414 (2017) ("The [FDCPA] and [Bankruptcy] Code have different purposes and structural features"). A factual finding in the Bankruptcy Court on the contempt claims would not necessarily bind this Court on the FDCPA claims.

Ultimately, the Court declines to hypothesize whether a potential factual finding by the Bankruptcy Court would collaterally estop Ms. Vincent on her FDCPA claims in this Court, or whether such preclusion would violate her Seventh Amendment rights, but the Court agrees with U.S. Bank and Caliber that to accept

11

Ms. Vincent's position would allow a plaintiff like Ms. Vincent to prevent the Bankruptcy Court from deciding whether its own order was violated, simply by adding an FDCPA claim. This Court is not convinced that the Seventh Amendment should be applied in a way to prevent the Bankruptcy Court from deciding whether its own discharge order was violated. The Court notes, however, that Ms. Vincent has not waived her Seventh Amendment argument and if, based on the Bankruptcy Court's decision, Ms. Vincent believes her Seventh Amendment rights are implicated, she may again raise the argument.[2]

### B.     FDCPA and Maine State-Law Claims

In addition to the bankruptcy claims, Ms. Vincent's Amended Counterclaim asserts FDCPA and Maine state-law claims premised on the alleged violation of the bankruptcy discharge order. There is some authority suggesting the Bankruptcy Court may not have jurisdiction to hear the FDCPA or Maine state-law claims. *See In re Goldstein*, 201 B.R. 1, 2 (Bankr. D. Me. 1996) (concluding that "[a]lthough the F.D.C.P.A. and tort claims arise from the same facts that underlie allegations that the defendants breached the automatic stay and the discharge injunction . . . they must be dismissed because this court is without subject matter jurisdiction over them"); *see also In re Vinneau*, 410 B.R. 329, 334 (Bankr. D. Mass 2009) (finding the

---

[2]     U.S. Bank and Caliber additionally assert that the FDCPA is precluded by the Bankruptcy Code, and thus Ms. Vincent's Seventh Amendment concerns are irrelevant. *U.S. Bank and Caliber's Suppl. Br.* at 4-9. Courts are split on the issue. *See Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 271 n.7 (3d Cir. 2013) (collecting cases). In *In re Martel*, 539 B.R. 192 (Bankr. D. Me. 2015), the Bankruptcy Court of this District rejected the argument that the Bankruptcy Code "completely preempts the FDCPA" and concluded "[t]he Code and the FDCPA are not irreconcilable and creditors are under the obligation to follow both." *Id.* at 197-98. Because the Court refers the bankruptcy discharge claims to the Bankruptcy Court, it declines to decide whether the FDCPA claims are precluded by the Bankruptcy Code.

court lacked "related to" jurisdiction of FDCPA claim); *In re Steele*, 258 B.R. 319, 322 (Bankr. D.N.H. 2001) (concluding the court lacked jurisdiction over FDCPA claims and "[t]he fact that the allegations serving as the basis of the claim for violation of the discharge injunction, over which the Court has jurisdiction, are intertwined with the facts giving rise to the claims for violation of the federal and state debt collection statutes does not alter this result").

While the Court's initial view is that the Bankruptcy Court may well not have jurisdiction to hear the FDCPA or Maine state-law claims, the Court also refers the question to the Bankruptcy Court. If the Bankruptcy Court determines that it does have jurisdiction to hear the claims, then this Court may refer the claims to the Bankruptcy Court. For the time being, the Court will retain the FDCPA and Maine state-law claims and stay the proceedings until the Bankruptcy Court resolves the bankruptcy claims.

    **C.**    **The Doonan-Longoria Motion to Dismiss**

On March 9, 2021, Counterclaim Defendants John A. Doonan and Reneau J. Longoria filed an amended motion to dismiss the amended counterclaim. *Am. Mot. to Dismiss the Am. Countercls. Against John A. Doonan and Reneau J. Longoria* (ECF No. 32). A main premise of the motion to dismiss is that the Amended Counterclaim's allegations of a violation of the discharge order fail to meet the standards for civil contempt of a bankruptcy discharge order the Supreme Court established in *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019). This Court's referral to the Bankruptcy Court will clarify this issue and therefore the Court is dismissing without prejudice the

Doonan-Longoria amended motion to dismiss. Counterclaim Defendants may refile or recast their motion to dismiss once the Bankruptcy Court has ruled and this Court has lifted the stay.

### III. CONCLUSION

The Court DISMISSES without prejudice Attorney John A. Doonan and Attorney Reneau J. Longoria's Amended Motion to Dismiss the Amended Counterclaim (ECF No. 32) and DENIES Karen Vincent's Motion to Strike Memorandum of Law of Counterclaim Defendants Doonan and Longoria (ECF No. 29). Pursuant to 28 U.S.C. § 157(a), the Court refers the claims alleging violation of the bankruptcy discharge injunction, 11 U.S.C. § 524, to the United States Bankruptcy Court for the District of Maine. Furthermore, the Court refers to the Bankruptcy Court the question of whether the Bankruptcy Court has jurisdiction to hear the claims alleging violation of the FDCPA, 15 U.S.C. § 1692e(8), and 14 M.R.S. § 6113.

The Court STAYS this action and ORDERS counsel to prepare and file a joint status report by October 25, 2021 and every ninety days thereafter until the Bankruptcy Court resolves the 11 U.S.C. § 524 claims. Finally, the Court ORDERS counsel to inform the Court immediately once the Bankruptcy Court resolves the 11 U.S.C. § 524 claims and the jurisdictional issue for the federal and state statutory claims. Upon notice, the Court will schedule a further conference of counsel to determine the next steps to be taken in light of the Bankruptcy Court rulings.

SO ORDERED.

                                              <u>/s/ John A. Woodcock, Jr.</u>
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2021